**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **RAUL MALDONADO** | § | |
| **DE LOS REYES** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO._____** |
| **v.** | § | **JURY DEMANDED** |
| | § | |
| **SUSSEX INSURANCE COMPANY** | § | |
| **AND DARIELLE THOMPSON,** | § | |
| **Defendants.** | § | |

**DEFENDANT SUSSEX INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Sussex Insurance Company, in Cause No. C-0190-17-H, pending in the 389th District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully shows:

## I. FACTUAL BACKGROUND

1.1    On or about January 12, 2017, Plaintiff filed his Original Petition in the matter styled *Raul Maldonado de Los Reyes v. Sussex Insurance Company and Darielle Thompson*, in the 389th District Court of Hidalgo County, Texas, in which Plaintiff made a claim for damages to his home under a homeowner's insurance policy.

1.2    Plaintiff asserts claims against Darielle Thompson, the adjuster assigned to Plaintiff's claim.

1

1.3     Plaintiff served Thompson with process and Plaintiff's Original Petition on May 5, 2017.

1.4     Plaintiff served Sussex with process and Plaintiff's Original Petition on May 8, 2017.

1.5     Plaintiff's Original Petition states that "On or about March 26, 2015, Plaintiff sustained extensive physical damage to the insured Property" and "Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the March 26, 2015 storm." *See* Pl.'s Original Pet. at ¶¶ 9, 10.

1.6     Plaintiff alleges that "Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff." *See id.* at ¶ 11.

1.7     The Index of Matters Being Filed is attached as Exhibit A to this notice of removal.  A copy of the Hidalgo County District Clerk's file for this case is also attached as Exhibit B and includes true and correct copies of all executed process, pleadings, and orders.  The Designation of Counsel is attached as Exhibit C.  The Consent to Removal is attached as Exhibit D.  Attached as Exhibit E is the affidavit of Michael Schneiderman.

## II.  <u>BASIS FOR REMOVAL</u>

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C.  §§ 1332, 1441(a) and 1446.

2.2     At the time the lawsuit was filed, Plaintiff was a resident of the State of Texas.  *See* Pl.'s Original Pet. at ¶ 2.

2.3     Defendant Sussex is incorporated as an Illinois-domiciled insurance company, and has its principal place of business in South Carolina.  Accordingly, Sussex is not a citizen of Texas.

2.4     Defendant Darielle Thompson is a citizen of the State of Texas, but is not a proper party to this lawsuit.

**A.    Complete diversity exists between Plaintiff and Sussex because Defendant Darielle Thompson has been improperly joined in this lawsuit.**

2.5     Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2003) (*en banc*).  The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the Plaintiff might be able to recover against an in-state defendant."  *Smallwood*, 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).  To determine whether the plaintiff can recover against the in-state defendant, the district court must analyze the plaintiff's petition under the robust federal rule 12(b)(6) standard and determine whether the plaintiff's petition states a claim.  *See Int'l Energy*, 818 F.3d at 207-08; *see also Smallwood*, 385 F.3d at 573; *see also Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.6     "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. H-12-1486, 2012 WL 3527178, at *2 (S.D. Tex. Aug. 15, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Guerrero Investments, LLC v. Am. States Ins. Co*., No. 7:12-CV-430, 2013 WL 5230718, at *1 (S.D. Tex. Sept. 17, 2013) (finding lack of a "factual fit" and thus, improper joinder where "the sections setting forth Plaintiff's causes of action against the in-state defendant amounted to no more than conclusory recitations of the elements of the plaintiff's DTPA, Insurance Code, and conspiracy claims); *Xiang Fang v. Companion Commercial Ins. Co*., No. 7:12-CV-324, 2013 WL 5214433, at *3 (S.D. Tex. Sept. 17, 2013) (same).

> 2.7     Here, Plaintiff fails to offer any specific facts to support his claims against Defendant Darielle Thompson and has therefore failed to secure the required "factual fit between [his] allegations and the pleaded theory of recovery."  *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  In fact, Plaintiff does not make a singular factual allegation against Thompson individually in his Original Petition.  *See* Pl.'s Original Pet. at IV. FACTS.  The only possible factual reference to Defendant Thompson is in paragraph 10 where Plaintiff vaguely references the claim he submitted to "Defendants."  *See id.* at ¶ 10.  The remainder of Plaintiff's factual allegations are directed exclusively at Sussex. Plaintiff's allegations against Sussex, amongst others, include (1)   conducting a substandard investigation of Plaintiff's claim; (2) misrepresenting the amount of damages to Plaintiff ; (3) performing a results-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses; (4) failing to make an attempt to

settle Plaintiff's claim in a timely manner; (5) delaying payment of Plaintiff's claim; and (6) refusing to pay Plaintiff's claim in full with no basis upon which a reasonable insurance company could rely to deny full payment. *See id.* at ¶¶ 14, 15, 17, 19.

  2.8 In connection with the foregoing allegations, Plaintiff then makes claims against both Defendants under the Texas Insurance Code.  Plaintiff makes identical allegations against the Defendants jointly for alleged violations of the Texas Insurance Code, including that Defendants:  (1) misrepresented material facts to Plaintiff regarding his coverage; (2) failing to promptly provide Plaintiff with a reasonable explanation of their settlement offer; and (3) refusing to pay Plaintiff's claim without conducting a reasonable investigation.  *See id.* at ¶¶ 25-27. However, merely repeating statutory language is not sufficient; a plaintiff must plead specific, actionable facts to which a statute should apply, and Plaintiff has wholly failed to do so in this case. *See Young v. Travelers Pers. Sec. Ins. Co.*, No. 4:16-CV-235, 2016 WL 4208566, at *4-5 (S.D. Tex. Aug. 10, 2016) (denying a plaintiff's motion to remand and dismissing an insurance-adjuster defendant where the plaintiff failed to state a claim against the adjuster by a "mere formulaic recital of the statutory elements"); *Lakewood Chiropractic Clinic,* No. H-09-1728, 2009 WL 3602043, at *3 (S.D. Tex. Oct. 27, 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).[1]  Moreover, the alleged Insurance Code violations asserted against Thompson

---

[1] The Fifth Circuit and its District Courts routinely find that individual adjusters and agents are improperly joined where the plaintiffs' allegations against the adjuster are boilerplate and nearly identical to the claims against the insurance carrier. *See e.g., Griggs,* 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in Plaintiff's petition to support claim against agent); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.,* No. 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations merely listing Insurance Code provisions and asserting that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer,*

are completely indistinguishable from the Insurance Code violations alleged against Defendant Sussex.  *See* Pl.'s Original Pet. at ¶¶ 25-27.  Courts in the Southern District of Texas have held that when the claims against an adjuster are nearly identical to those against the insurer, they are insufficient to support a claim against the adjuster.  *See Dalton v. State Farm Lloyds, Inc.*, No. H-12-3004, 2013 WL 3157532, at *7 (S.D. Tex. June 19, 2013); *see also Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *3 (S.D. Tex. July 11, 2016) ("While it is true that Texas law may permit adjusters to be found individually liable for certain violations of the Texas Insurance Code, for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage" (internal citations omitted)).  Since Plaintiff's assertions of alleged Insurance Code violations against Thompson and Sussex are inseparable, Plaintiff fails to support a claim against the adjuster, Thompson.

2.9    In addition to alleged violations of the Texas Insurance Code, Plaintiff asserts claims against both Defendants for fraud and conspiracy.  *See* Pl.'s Original Pet. at ¶¶ 28-31.  Again, Plaintiff makes no specific allegation against Thompson individually.  All of Plaintiff's allegations for fraud and conspiracy are asserted against Sussex and Thompson collectively. *Id.*  Furthermore, Plaintiff fails to allege any facts involving the conduct of either Defendants, but instead relies on mere recitals of the elements of the causes of actions alleged.  Because Plaintiff fails to allege any facts against Thompson, he

---

No. 4:08-CV-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding petition listing Insurance Code provisions that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims").

has not secured the required "factual fit between [his] allegations and the pleaded theory of recovery." *See Griggs v. State Farm Lloyds*, 181 F.3d at 701.

      2.10   In sum, none of Plaintiff's allegations involve conduct specifically and solely attributable to Thompson, and Plaintiff's factual allegations are nothing more than conclusory statements that lack the specificity necessary to state a claim. *See Twombly*, 550 U.S. at 445. The Plaintiff's failure to allege any specific facts concerning Thompson's involvement means that Plaintiff did not "'state enough facts to state a claim for relief that is plausible on its face.'" *See Int'l Energy*, 818 F.3d at 207-08 (quoting *Twombly*, 550 U.S. at 570). And in the absence of such factual allegations, "'there is no reasonable basis for the district court to predict that [P]laintiff might be able to recover against'" Thompson. *See Int'l Energy*, 818 F.3d at 205 (quoting *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d 646-47). Thompson is an improper party to this lawsuit and should be dismissed by the Court.

      2.11   Because Sussex a foreign defendant, is the only proper defendant in this action, there is complete diversity between the parties. As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**B.    The amount of damages prayed for by Plaintiff exceeds the amount in controversy required to confer diversity jurisdiction on this Court.**

      2.12   Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the Plaintiff's complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995).

2.13    In his Petition, Plaintiff expressly states that he is "seeking monetary relief, the maximum of which is not more than $75,000.00.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury."  *See* Pl.'s Original Pet. at ¶ 55.  Plaintiff's unsworn allegation that he seeks not more than $75,000, does not amount to the binding stipulation or affidavit required to avoid federal jurisdiction. *See De Aguilar*, 47 F.3d at 1411-12.   In fact, Plaintiff states that the amount of damages will ultimately be determined by the jury. *See* Pl.'s Original Pet. at ¶ 55.  Therefore, Sussex can secure removal if it "show[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional limit." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

2.14    Here, Plaintiff's allegation that he seeks damages of monetary relief, the maximum of which is not more than $75,000 belies his prior assertions of damages.  On March 7, 2016, Plaintiff issued correspondence to Defendant alleging $29,712.34 in covered damages. *See* Ex. E, Schneiderman Aff., Ex. E-1 at p. 1 (Notice of Legal Representation).  Furthermore, in his petition, Plaintiff brings claims against Sussex under the Insurance Code and seeks treble damages interest penalties and punitive damages. *See* Pl.'s Original Pet. at VIII.   Trebled economic damages alleged by Plaintiff alone would total $89,137.02. *See* Ex. D-1.  The inclusion of other damages sought by Plaintiff, including attorney's fees, pre-judgment interest, post-judgment interest and punitive damages, puts the amount in controversy well within the jurisdictional limits of this Court. In light of this evidence, Plaintiff cannot credibly claim that his claims are worth less than $75,000.  Any such claim would be nothing more than an abusive manipulation of the case in a blatant attempt to avoid federal jurisdiction. *See De Aguilar*, 47 F.3d at 1410.

2.15    Because Plaintiff has not stipulated to the amount in controversy and further, because a preponderance of evidence shows that the amount in controversy exceeds the jurisdictional requirements, Defendant Sussex has established that this case qualifies for removal to federal court.  *See* 28 U.S.C. §1332(a).

### III.  <u>THE REMOVAL IS PROCEDURALLY CORRECT</u>

3.1    Defendant Sussex was first served with Plaintiff's Original Petition and process on May 8, 2017.  By filing its Notice on this day, Defendant Sussex files its Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(d), promptly after Sussex files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Sussex files this Notice.

### IV.  <u>CONCLUSION</u>

4.1    Based on the foregoing, the exhibits submitted in support of this Notice, and other documents filed contemporaneously with this Notice and fully incorporated herein, Defendant Sussex Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001


By:   */s/ Mikell A. West*
    Mikell A. West
    Attorney-in-Charge
    State Bar No. 24070832
    Southern Dist. No. 1563058
    mwest@gnqlawyers.com

**ATTORNEY FOR SUSSEX
INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

10

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

John R. Lamont
State Bar No. 24099876
Southern Dist. No. 3028487
jlamont@gnqlawyers.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 6, 2017, a copy of Defendant Sussex Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Raul Maldonado. De Los Reyes.

**<u>VIA CM/RRR #7015 1730 0001 4976 7637</u>**
Larry Lawrence
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, Texas 78703
Email:  Lawrencefirm@gmail.com

By:   *<u>/s/ Mikell A. West</u>*
        Mikell A. West